NO. 07-11-0479-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

DECEMBER 12, 2011

_____

MICHAEL PINA MONTION, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. A18655-1012; HONORABLE WALLY HATCH, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Following a conviction for burglary of a habitation,[1] on March 3, 2011, Appellant, Michael Pina Montion, was sentenced to six years confinement, suspended in favor of community supervision, and assessed a $1,000 fine. The State filed a motion to revoke community supervision for violations of the terms and conditions thereof. On October

---

[1]Tex. Penal Code Ann. § 30.02(a) (West 2011).

24, 2011, following a hearing, the trial court granted the State's motion, revoked Appellant's community supervision and imposed the original sentence. Appellant filed a notice of appeal on November 30, 2011. We dismiss for want of jurisdiction.

A timely and proper notice of appeal invokes this Court's jurisdiction. *State v. Riewe*, 13 S.W.3d 408, 410 (Tex.Crim.App. 2000). When no motion for new trial is filed, a notice of appeal must be filed within thirty days after the day sentence is imposed. Tex. R. App. P. 26.2(a)(1). The deadline may be extended if, within fifteen days, the party files the notice with the trial court clerk *and* files in this Court a motion for extension of time in compliance with Rule 10.5(b) of the Texas Rules of Appellate Procedure.[2] *See* Tex. R. App. P. 26.3. (Emphasis added). This Court has no authority to invoke Rule 2 of the Texas Rules of Appellate Procedure to enlarge the time in which to file the notice of appeal or the motion for extension of time. Tex. R. App. P. 2; *Slaton v. State*, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998).

The judgment reflects that Appellant's sentence was imposed on October 24, 2011. Because no motion for new trial was filed, Appellant's notice of appeal was due to be filed with the trial court clerk on or before November 23, 2011. Notwithstanding that the notice of appeal was filed in the trial court on November 30, 2011, within the fifteen day period provided by Rule 26.3, no motion for extension of time was timely filed in this Court. Consequently, this Court is without authority to extend the time to file the

---

[2]Unlike in civil cases, the motion for extension of time reasonably explaining the delay cannot be implied. *Cf. Verburgt v. Dorner*, 959 S.W.2d 615, 616-17 (Tex. 1997).

notice of appeal and the untimely notice of appeal prevents this Court from exercising jurisdiction over this case.[3]

Accordingly, this appeal is dismissed for want of jurisdiction.

Patrick A. Pirtle
Justice

---

[3]Appellant may be entitled to relief by way of an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals.  Tex. Code Crim. Proc. Ann. art. 11.07 (West Supp. 2011).